# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) TULSA INDUSTRIAL AUTHORITY, )
an Oklahoma public trust; and, )
)
(2) BOKF, NA d/b/a BANK OF )
OKLAHOMA, )
)
    Plaintiffs, )    Case No. 4:13-cv-00179-CVE-TLW
)
vs. )
)
(1) TULSA AIRPORTS IMPROVEMENT )
TRUST, an Oklahoma public trust, )
)
    Defendant. )

## PLAINTIFFS' COMBINED MOTION TO REMAND AND SUPPORTING BRIEF

The plaintiffs, Tulsa Industrial Authority and BOKF, NA (d/b/a Bank of Oklahoma and herein called "BOK"), move this Court, pursuant to 28 U.S.C. §1447(c), to remand this case to the District Court for Tulsa County, Oklahoma.

The defendant, Tulsa Airports Improvement Trust ("TAIT"), improperly removed this case to this Court on the basis of federal <u>defenses</u> TAIT presumably intends to raise to the plaintiffs' state-law based contract claims. It is settled law that "[t]he defendant may not try to sneak a federal question through the back door by raising a federal defense."[1] Further, because TAIT's purported removal was objectively unreasonable, the Court should award

---

[1] <u>Dupwe v. Stern</u>, 2009 Westlaw 1299618, *5 (D.N.M) (sanctioning defendant because there was no objectively reasonable basis for removal).

the plaintiffs a reasonable attorney's fee and costs for preparing and presenting this motion, as provided in §1447(c).

**FACTUAL RECORD RELEVANT TO THE MOTION**

In its Notice of Removal [Doc. No. 2], TAIT asserts as the basis for federal question jurisdiction[2] the presence of federal issues alleged to arise under 49 U.S.C. §47107(b)(1), and under a policy pronouncement by the Federal Aviation Administration ("FAA"). Doc. No. 2, ¶7, p. 2. Plaintiff relies upon the historical summary of the prior TAIT action ["TAIT I"] contained in the petition filed in this case, which historical summary informs this Court why this action is not barred by any statute of limitations and references the FAA's Revenue Use Policy. Id., ¶9, p. 2. A reading of the referenced paragraphs establishes that the federal issues were raised in the first TAIT action <u>by</u> TAIT as <u>defenses</u> to the plaintiffs' state-law based claims. Doc. No. 2-1, ¶23, p7; ¶27, p. 8.[3]

Long-settled law precludes removal based upon a federal defense. The Motion should therefore be granted and the plaintiffs awarded reasonable fees and costs incurred

---

[2]There is clearly no diversity jurisdiction, as all the parties have their principal place of business in Oklahoma. <u>See</u>, Doc. No. 2-1, ¶¶4-5, p. 2.

[3]There can be no question that TAIT asserted these federal issues as forms of an illegality defense during the TAIT I proceedings. <u>See</u>, exh. 1, TAIT's Answer and Cross-Claim, ¶¶34-39, p. 4; exh. 2 [without supporting exhibits], Defendant Tulsa Airports Improvement Trust's Brief in Opposition to Plaintiff's Motion for Summary Judgment, p. 12 (alluding to defense of "unlawfulness;"), p. 17 ("defenses related to federal aviation law."); exh. 3, Defendant Tulsa Airports Improvement Trust's Combined Brief in Opposition to Plaintiff's Motions for Partial Summary Adjudication [without supporting exhibits], p. 18 ("unlawfulness defense"), p. 25 ("defense of unlawfulness"), p. 26 (unlawfulness defense').

because TAIT's improperly removed this case from the venue where it truly belongs—in the District Court for Tulsa County, State of Oklahoma.

## STANDARDS FOR REMOVAL

Because the federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction, including a presumption in favor of remand. Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775, 778 (10th Cir. 2008); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). The Court must therefore strictly construe the removal statute and must resolve all doubts against removal. Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982). In cases like the one presented here, where federal question jurisdiction is asserted, the removing party [TAIT] bears the burden of persuasion as to the existence of federal jurisdiction. Martin v. Franklin Capital Corp., supra, 251 F.3d at 1290.

## THE CASE WAS IMPROPERLY REMOVED AS THIS COURT LACKS SUBJECT MATTER JURISDICTION

This Court has recognized the established law that "a defendant may not rely on a federal defense to a state law claim as a basis for removal." Mickle v. Wellman Properties L.L.C., 2008 Westlaw 3925260, *3 (N.D. Okla.). The Supreme Court has long held so. See, Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 153 (1908); Gully v. First National Bank, 299 U.S. 109, 112 (1936); Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 10 (1983).

The fact that the petition might anticipate that a federal defense will be asserted by the defendant does not change the result. Firstenberg v. Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012). As emphatically stated by the Supreme Court:

> Thus, it is now settled law that a case may ***not*** be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (emphasis the Court's).[4]

In Farmers Co-Operative Elevator v. Doden, 946 F. Supp. 718 (N.D. Ia. 1996), the court faced a factual situation analogous to the one presented in this case. Plaintiff grain elevator sued the farmer defendant for breach of contracts under which the farmer was to sell his corn and soybeans to the grain elevator. The suit was initially filed in Iowa state court and then removed by the farmer defendant to federal court. The basis for federal question jurisdiction was the farmer's claim that the contracts constituted illegal off-exchange future contracts and/or prohibited trade options under the Commodity Exchange Act. Id., 946 F. Supp. at 722-23, 729. The federal court noted that a federal defense can not justify removal, even if the federal defense is, as is the case here, the only issue in the case. Id., 946 F. Supp. at 727-28. Illegality, the court found, was an affirmative defense for a defendant to plead

---

[4] That the federal question must be presented as a part of the plaintiff's claims stems from the recognized principle that the plaintiff is the master of his complaint and can chose what claims he desires to assert. Ohio v. Brunner, 629 F.3d 527, 531 (6th Cir. 2010), citing Louisville, supra, 211 U.S. at 152. See also, Firstenberg, supra, 696 F.3d at 1023.

and assert[5] and could not form the basis for removal.  Relying upon the Caterpillar decision, the court remanded the case to Iowa state court.  Id., 946 F. Supp. at 733-34.

Doden is on all fours and compelled by the unambiguous mandate of the United States Supreme Court in Caterpillar Inc. v. Williams.[6]  This Court should likewise remand the case to the District Court for Tulsa County.

### THE COURT SHOULD ASSESS A REASONABLE FEE AND COSTS; THE REMOVAL WAS OBJECTIVELY UNREASONABLE

Section 1447(c) gives the Court discretion to award attorney's fees and costs against a removing defendant.  The Supreme Court, in Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005), held that "[t]he appropriate test for awarding fees should turn on the reasonableness of the removal."  If the removal was objectively unreasonable, then fees and costs should be awarded.  Huber-Happy v. Estate of Rankin, 233 Fed. Appx. 789, 790

---

[5]As it is in Oklahoma.  See, 12 O.S. §2008(C) (10); Healdton v. Blackburn, 1934 OK 573, 37 P.2d 311, 311 (Syl. No. 3).  See also, F.R.C.P., Rule 8(c)(1) (listing illegality as an affirmative defense).

[6]See also, Oklahoma v. Larkin, 2010 Westlaw 1542573, *6-12 (N.D. Okla.). The State of Oklahoma, in its petition, sought collection of cigarette taxes against certain Indian tribal entities alleging the sales of contraband cigarettes for which no or insufficient state tax had been remitted.  In the course of describing its sole claim of conspiracy, the petition referenced federal law in an attempt to preclude the defendants from asserting tribal immunity as a defense.  The Court found the petition's federal issue allegations a response to an anticipated federal defense and remanded the case to state court.  Id., *8.

(10th Cir. 2007). Given the clear law prohibiting removal on the basis of a federal defense, an award of reasonable fees and costs is justified, and should be granted.[7]

## CONCLUSION AND RELIEF REQUESTED

TAIT improperly removed this case to this Court. The case should be remanded. There is no basis for federal jurisdiction. Further, because the removal was objectively unreasonable, a reasonable fee and costs should be assessed against TAIT.

/s/ J. Michael Medina
Frederic Dorwart, OBA #2436
J. Michael Medina, OBA # 6113
Sarah Poston, OBA #22925
Dustin J. Vanderhoof, OBA #21388
**FREDERIC DORWART, LAWYERS**
Old City Hall
124 E. Fourth Street
Tulsa, Oklahoma 74103
Telephone: (918) 583-9922

*Attorneys for the Plaintiffs*

---

[7] See, e.g., assessing fees and costs for attempting to remove based on a federal defense, M Tee Enterprises, Inc. v. Stock Loans Services, LLC, 2009 Westlaw 3849437,*3 (N.D. Tex) (improper removal based on federal statutes as defenses to state law claim); Dupwe, supra, 2009 Westlaw 1299618,*9 (D.N.M.) (removal based on constitutional violation defense); Branch Banking & Trust Co. v. Lochner, 2009 Westlaw 1617955,*3 (E.D. Va.) (defense based on plaintiff's alleged violation of Interstate Land Sales Transfer and Full Disclosure Act); New Homes Mortgage Inc. v. Pierro, 2009 Westlaw 1456617, *2 (C.D. Cal.) (removal asserting jurisdiction based on Truth in Lending Act's right of rescission for improper disclosures); Sutter v. Magenheimer, 2007 Westlaw 3105409,*2 (E.D. Cal.) (removal based on defense of federal unconstitutionality of zoning code); Kansas v. Price, 2006 Westlaw 2795492,*2 (D. Kan.), aff'd, 242 Fed. Appx. 590 (10th Cir. 2007) (fees awarded for improper removal based on federal constitutional defense); Peoplebrowsr, Inc. v. Twitter, Inc., 2013 Westlaw 843032,*5 (N.D. Cal.) (removal based on safe harbor defense bottomed on Sherman Act); Colorado v. Western Sky Financial, L.L.C., 845 F. Supp.2d 1178, 1182 (D. Colo. 2013) (removal based on tribal sovereign immunity defense); Value Health Care Services, LLC v. PARCC Health Care, Inc., 2011 Westlaw 2417106, *3-4 (D. Conn.), followed, 2011 Westlaw 2881359,*1 (D. Conn.) (removal based on federal preemption).

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 2nd day of April, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ J. Michael Medina
J. Michael Medina